# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVE A. PRICE, *et al.*, | ) | |
| on behalf of themselves and others | ) | |
| similarly situated as a collective action | ) | |
| under the Fair Labor Standards Act, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-514-GKF-PJC |
| | ) | |
| PUBLIC SERVICE COMPANY | ) | |
| OF OKLAHOMA, an Oklahoma | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the court is the Motion to Dismiss Plaintiff's State Law Claim [Dkt. #22] filed by defendant Public Service Company of Oklahoma ("PSO").

Plaintiffs, current PSO employees, sued PSO alleging its mandatory on-call program violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. They contend they are entitled to overtime compensation for all time they are on-call, because restrictions placed on them during that time impose a substantial burden on them and interfere with their personal pursuits, rendering the on-call time primarily for the benefit of PSO. Plaintiffs seek damages pursuant to the FLSA, 29 U.S.C. § 216.

Plaintiffs also assert a claim for violation of the Oklahoma Protection of Labor Act, 40 Okla. Stat. § 165.1, *et seq.* ("OPLA").  PSO moved to dismiss the OPLA claim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## I. Allegations of the First Amended Complaint

Plaintiffs allege they are current or former employees of PSO. [Dkt. #11, First Amended Complaint, ¶8].  Beginning at the latest in January of 2008, PSO instituted a mandatory on-call program for its Tulsa District.  [*Id.*, ¶16].  The on-call program requires that three of the 15 line crews and all servicemen, warehousemen and meter men be on call every day of the year. [*Id.*, ¶17].  PSO uses a rotating on-call system requiring plaintiffs and other PSO employees to be on call for one-week periods (Friday to Friday), during a specific number of weeks during each quarter of the year, or every day, 365 days a year.  [*Id.*, ¶18].

During the time plaintiffs and other PSO employees are on call, they work their regularly scheduled hours, Monday through Friday, and then work 16 additional hours on call, until they return to work the next morning.  [*Id.*, ¶19].  During the weekend, they are on call continuously, 24 hours a day, until they return to work on Monday morning. [*Id.*].  As a result, during the time they are on call, plaintiffs and other PSO employees are working 24 hours a day, seven days a week, for a total of 168 continuous hours, by virtue of either their hours worked or their on-call time. [*Id.*].  During the time plaintiffs and other PSO employees are on call, PSO requires that they answer telephone calls from PSO; that they "accept" the call from PSO within three minutes of the initial placing of the call; that they accept 100% of the calls they receive from PSO while on call; that they don required safety clothing or uniforms and travel to their assigned work station; and that they arrive at their assigned work station no more than 30 minutes after accepting the call from PSO. [*Id.*, ¶22].  These restrictions have the effect of requiring on-call

employees to limit their personal activities including but not limited to sleeping, participation in their children's sports, school, or other activities, social activities, religious observances, and eating out; and they are required to interrupt and make special arrangements to provide for child care responsibilities in order to respond to calls from PSO.  [*Id.*, ¶23].  Additionally, they are effectively required to remain within a geographical area which is no more than 30 minutes away from their assigned work locations.  [*Id.*, ¶24].  These restrictions place a substantial burden on plaintiffs and other PSO employees while they are on call, and interfere with their personal pursuits during the time they are on call, rendering the on-call time primarily for the benefit of PSO.  [*Id.*, ¶25].

PSO pays plaintiffs and other PSO employees who are on call for the hours spent in response to the after-hour calls, but does not pay them for the time they are on-call, engaged to be waiting.  [*Id.*, ¶¶30-31].  PSO has violated the OPLA by failing to timely pay wages to the plaintiffs and other PSO employees for the time they are engaged to be waiting.  [*Id.*, ¶43].  Plaintiffs and other PSO employees are entitled to recover damages under the OPLA equal to the amount of wages PSO has not timely paid, together with liquidated damages as determined under the OPLA.  [*Id.*, ¶44].

## II. Applicable Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007), ruling that to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."  "A claim has facial plausibility when the pleaded factual content allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (internal quotations omitted). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555. Under the *Twombly* standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Id.* (citing *Twombly*, 127 S.Ct. at 1965) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The Tenth Circuit Court of Appeals has interpreted *Twombly* as a middle ground between "heightened fact pleading," which is expressly rejected, and allowing complaints that are no more than "labels and conclusions," which courts should not allow. *Id.* (citing *Twombly*, 127 S.Ct. at 1964, 1965, 1974). Accepting the allegations as true, they must establish that the plaintiff plausibly, not just speculatively, has a claim for relief. *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. The Tenth Circuit Court of Appeals instructed in *Robbins* that "the degree of specificity necessary to establish plausibility and fair notice, and

therefore the need to include sufficient factual allegations, depends on context . . . [and] the type of case." *Id*. (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 231-32 (3d Cir. 2008)).  A simple negligence action may require significantly fewer allegations to state a claim under Rule 8 than a case alleging antitrust violations (as in *Twombly*) or constitutional violations (as in *Robbins*).  *Id*.

 "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Swierkiewicz v. Sorema  N. A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997 (2002).  The issue on a 12(b)(6) motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* The notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.*

### III. Discussion

The First Amended Complaint alleges generally that PSO has violated OPLA, 40 Okla. Stat. § 165.1-11.  However, it fails to specify what provision has been violated.

OPLA requires Oklahoma employers to "pay all wages due their employees, other than exempt employees, . . . at least twice each calendar month on regular paydays designated in advance by the employer." 40 Okla. Stat. §165.2.  The term "wages" is defined as:

> Compensation owed by an employer to an employee for labor or services rendered, including salaries, commissions, holiday and vacation pay, overtime pay, severance or dismissal pay, bonuses and other similar advantages *agreed upon between the employer and the employee, which are earned and due, or provided by the employer to his employees in an established policy,* whether the amount is determined on a time, task, piece, commission or other basis of calculation

40 Okla. Stat. § 165.1(4) (emphasis added).  OPLA regulations further provide:

5

> (a) Regular wages are those payments that an employee receives for services rendered in the regular course and scope of employment. . . . Payment must be made for all time worked

OAC 380:30-1-8.

An aggrieved employee may maintain an action to recover unpaid wages and liquidated damages in any court of competent jurisdiction. 40 Okla. Stat. § 165.9.

PSO asserts that under OPLA, both the statutory definition and regulatory interpretation of "wages" contemplate the compensation for services provided by the employee to the employer will be either "agreed upon between the employer and employee" or provided pursuant to "an established policy" of the employer.  PSO contends the alleged overtime pay sought by plaintiffs satisfies neither of these conditions, and therefore plaintiffs have failed to state a cognizable claim for relief under OPLA.

Citing OAC 380:30-1-8, plaintiffs argue that the Oklahoma Employment Security Commission has adopted regulations acknowledging violations of the FLSA are enforceable under Title 40 of the Oklahoma statutes.  The court disagrees.  The cited regulation states, in pertinent part:

> (b) Payment of premium overtime due to requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, *is a matter of Federal law*.  The Department adopts the regulations of the U.S. Department of Labor as published in the Code of Federal Regulations, and the Interpretive Bulletins relating thereto, in determining compliance issues on such claims.

OAC 380:30-1-8(b) (emphasis added).  Consistent with this regulation, the Oklahoma Department of Labor, in its Frequently Asked Questions, states:

> **Is my employer required to pay overtime?**
> If the company is required to comply with Federal wage and hour laws, time and one half should be paid to non-exempt employees for all hours worked over 40 in the work week.  Contact the U.S. Department of Labor at 1-866-487-9243 for more information.

*See* http://www.ok.gov/odol/Workforce_Protection/Wage_and_Hour_Services/.

> With respect to maximum work hours and overtime pay, the Tenth Circuit has observed:

> The absence of any Oklahoma law on this subject is underscored by the fact that although the Oklahoma legislature has adopted the federal standards for minimum wages, *see* Okla. Stat. tit. 40 § 197.2 (making it unlawful for an employer in Oklahoma to "pay any employee a wage of less than the current federal minimum wage for all hours worked"), it has not adopted the FLSA standards governing maximum hours and overtime, *see* 29 U.S.C. § 207.

*McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1487 (10th Cir. 1996).  Further, citing OPLA, the court observed:

> Section 165.1 is the definitions section of the Oklahoma Protection of Labor Act and defines the term "wages" as "compensation owed by an employer for labor or services rendered, including salaries, commissions, holiday and vacation pay, *overtime pay*, severance or dismissal pay, bonuses and other similar advantages agreed upon between the employer and the employee. . . . Although it mentions overtime pay, section 165.1(4) *does not prescribe a limit for maximum working hours, nor does it set forth a specific formula for calculating overtime pay*.

*Id.* at 1488 (emphasis added).

In *Reynolds v. Advance Alarms, Inc.*, 232 P.3d 907 (Okla. 2009), the Oklahoma Supreme Court made it clear that § 165.2 applies only to wages "agreed upon between the employer and the employee" or "provided by the employer to his employees in an established policy." There, the plaintiff sued his former employer in this court, alleging his employer had fired him for contacting the Oklahoma Department of Labor with an inquiry about the employer's lunch-break policy.  *Id.* at 908.  He asserted an FLSA retaliatory discharge claim and a *Burk* tort claim for violation of public policy.  *Id.* at 908.   This court certified to the Oklahoma Supreme Court the following question (as reformulated by the state court):

> Does the Oklahoma Protection of Labor Act, 40 O.S.2001 and Supp.2006, §§ 165.2, 165.7 and 165.8 and 40 O.S.2001, § 199, provide an established and well-defined public policy sufficient to support a *Burk* tort claim based on allegations that the employee was wrongfully discharged for contesting the employer's lunch-break policy?

*Id.* The state court answered the question in the negative, stating:

> We have recognized that the administrative and judicial proceedings authorized in § 165.7 are "part of a larger statutory scheme—40 O.S. 2001, § 165.1 *et seq.*, as amended—concerning the requirement that covered employers pay the wages due their employees including overtime pay when applicable." *Feighnter v. Bank of Oklahoma, N.A.*, 2003 OK 20, ¶ 16, 65 P.3d 624, 629-630. The public proceedings and private actions to collect due and unpaid wages prescribed in § 165.7 undoubtedly mark the compelling nature of § 165.2's payday policy, but there is no language in § 165.7 which explicitly or implicitly articulates a policy regarding work time or lunch breaks.

*Id.* at 911. As set forth in *Reynolds*, OPLA is focused on the requirement that employers pay wages, including overtime where applicable, to their employees on regular paydays. However, the issue in this case is whether the hours PSO employees spend on call are "overtime," and neither OPLA itself nor case law construing the act have attempted to define what constitutes "overtime."

Plaintiffs argue, however, that *Hamrick v. State*, 258 P.3d 509 (Okla. 2011) "conclusively establishes the FLSA can be enforced by the OPLA." The court disagrees. In *Hamrick*, the Oklahoma Supreme Court answered another certified question about OPLA from the United States District Court for the Northern District of Oklahoma. The question, as reformulated by the state court, was: "Can an unclassified state employee maintain a private right of action under 40 O.S.2001, 165.1 through 165.11, Protection of Labor Act, to recover wages allegedly owed the employee by his state entity employer?" *Id.* at 510. The state court's answer was: "An unclassified state employee can maintain an action pursuant to the Protection of Labor Act to recover unpaid wages but cannot recover liquidated damages." *Id.*

In *Hamrick*, an employee of the state's Office of the Chief Medical Examiner ("OCME") asserted, *inter alia*, that he was entitled to recover damages, liquidated damages and attorney

fees for unpaid wages, including alleged overtime, under OPLA.[1]  The state argued that it was not included in OPLA's definition of "employer."  *Id.* Analyzing the issue within the context of the entire OPLA, 40 Okla. Stat. § 165.1-.11, the Oklahoma Supreme Court concluded it was clear from the language of the statute that an unclassified state employee can bring an action to recover all the wages due on regular paydays as provided in § 165.2, and can bring such an action in a court of competent jurisdiction as provided in § 165.9.  *Id.* at 513.  However, it held "[i]t is equally clear the Legislature did not include either the State or state employees within the liquidated damages provision of section 165.3." *Id.*

The court did *not*, as plaintiffs contend, rule that "the FLSA can be enforced by the OPLA."  Rather, it stated:

> The terms of the State's obligation to pay overtime worked by both classified and unclassified employees are set forth in 7[4] O.S. Supp.2010, § 840-2.15. Subsection (A) of this statute adopts "the minimum overtime entitlement provisions of the Fair Labor Standards Act and regulations promulgated thereunder except as [otherwise] provided [in subsections (B) through (E)]." For purposes of answering the certified question, we deem it unnecessary to determine whether any of the exceptions set forth in subsections (B) through (E) apply to plaintiff's claim.   We also deem it is unnecessary to identify the specific provisions set forth in the Fair Labor Standards Act and implementing regulations that bear on the merits of plaintiff's claim.  *Plaintiff bears the burden in further proceedings to demonstrate how the facts of this case bring him within the provisions of the Fair Labor Standards Act.*

*Id.* (emphasis added).[2]  After the Oklahoma Supreme Court answered the certified question, *Hamrick* and five other related cases filed by OCME employees in the United States District Court for the Northern District of Oklahoma were settled and/or dismissed, with no judicial determination about whether the employees were entitled to overtime pay.  *See Hamrick v. State of Oklahoma*, 4:10-CV-213-CVE-TLW; *Czepiel v. State of Oklahoma*, 4:10-CV-208-JHP-TLW;

---

[1] The plaintiff contended the OCME's "on-call" system was so onerous it created an "engaged to wait" system, and he was entitled to be compensated for all the time he was on call. *Id.*
[2] 74 Okla. Stat. § 840-2.15 is a provision of the Oklahoma Personnel Act which addresses overtime and compensatory time for nonexempt state employees.

*Miller v. State of Oklahoma*, 4:10-CV-209-JHP-PJC; *Ellis v. State of Oklahoma*; 4:10-CV-210-JHP-TLW; *Stewart v. State of Oklahoma*, 4:10-CV-211-CVE-TLW; *Barnes v. State of Oklahoma*, 4:10-CV-212-CVE-TLW.

In summary, plaintiffs' First Amended Complaint fails to satisfy the pleading requirements of *Twombly*. First, and most fundamentally, although it cites OPLA, it fails to identify which provision or provisions of the act have been violated. It alleges no facts which, taken as true, establish that PSO failed to pay wages "agreed upon between the employer and the employee" or "provided by the employer to his employees in an established policy." *See* 40 Okla. Stat. § 165.1(4). It contains no allegations that FLSA standards governing maximum hours and overtime have been adopted by the state as part of OPLA. Finally, even in their response to the Motion to Dismiss, plaintiffs have failed to identify any regulation or case law supporting their argument that FLSA standards governing maximum hours and overtime have been adopted by the state as part of OPLA.[3]

## IV. Conclusion

For the reasons set forth above, PSO's Motion to Dismiss Plaintiff's State Law Claim [Dkt. #22] is granted.

ENTERED this 24th day of March, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] In its reply brief, PSO argued that to the extent plaintiffs, in their response, alleged Oklahoma has adopted FLSA standards governing maximum hours and overtime, plaintiffs' OPLA claim was preempted by the FLSA. The court ruled that the preemption argument was raised for the first time in the reply brief [Dkt. #34], and does not consider it in this order.