**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STEVE A. PRICE, *et al.,* on behalf of themselves and others similarly situated as a collective action under the Fair Labor Standards Act, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 13-CV-514-GKF-FHM ) |
| PUBLIC SERVICE COMPANY OF OKLAHOMA, an Oklahoma corporation, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the court are the Amended Objections to July 8, 2014 Opinion and Order [Dkt. #81], filed by defendant Public Service Company of Oklahoma ("PSO"). PSO objects to the Opinion and Order of Magistrate Judge Frank H. McCarthy [Dkt. #77] denying its Motion for Protective Order as to Subpoena Duces Tecum Served Upon IBEW Local 2001. [Dkt. #60].

The court applies a "clearly erroneous or contrary to law" standard in its review of non-dispositive orders by Magistrate Judges. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

Plaintiffs, current PSO employees, sued PSO alleging its mandatory on-call program in the Tulsa territory violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. [Dkt. #11, Amended Complaint]. They contend they are entitled to overtime compensation for all time they are on-call, because restrictions placed on them during that time impose a substantial burden on them and interfere with their personal pursuits, rendering the on-call time primarily for the

benefit of PSO. [*Id.*, ¶¶16-31]. Plaintiffs allege "PSO's failure to pay overtime wages . . . was willful," in that "PSO knew or should have known that it was required to pay overtime wages" [Dkt. #11, Amended Complaint, ¶¶33-34]. Plaintiffs seek damages pursuant to the FLSA, 29 U.S.C. §216.[1] The court has conditionally certified a § 216(b) class for notice purposes. [Dkt. #42].

IBEW, Local 1002 ("IBEW") represents employees working for PSO throughout Oklahoma. Plaintiffs issued a subpoena to IBEW seeking communications between PSO and IBEW, draft on-call policies or procedures sent to IBEW or drafted by IBEW, documents regarding grievances filed by IBEW involving PSO's on-call policies or procedures and written communications from IBEW to its members involving PSO's on-call policies and procedures.

PSO asserts the subpoena is overbroad to the extent it seeks production of documents related to areas other than the Tulsa Metro area. After complying with LCvR 37.1, PSO filed a Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(A) and (D), asserting information relating to areas outside the Tulsa Metro area can have no tendency to prove any element of the plaintiffs' claim. [Dkt. #60 at 5].

Plaintiffs objected to the motion, arguing (1) PSO lacks standing to object to the subpoena, which was issued to a non-party and (2) the requested documents meet the relevancy requirements of Rule 26(c)(1)(A) and (D). [Dkt. #64]. Plaintiffs asserted that prior to 2008, all of PSO's territories in Oklahoma used a voluntary on-call system to cover power failures outside of normal business hours, and the mandatory on-call system has been implemented only in the Tulsa Metro area. [*Id.*]. They argued that since IBEW is the same business agent for all employees for all geographic areas requested, it was reasonable to believe it would have in its

---

[1] The FLSA generally imposes a two-year statute of limitations unless the defendant's violations are shown to be willful, in which case a three-year period applies. *See* 29 U.S.C. § 216(a).

possession communications, draft policies and other documents relevant to how Tulsa Metro employees were treated as compared to PSO's other territories and how they pay should reflect those differences. PSO, in its reply, asserted "the lone issue in the case" was "whether certain time is compensable under the policy in place within the Tulsa Metro area," and information about call out policies in other areas "has no tendency to prove that the time in question is compensable 'work.'" [Dkt. #71 at 2-3].

In his order denying PSO's motion, the Magistrate Judge stated that generally, a party does not have standing to object to a subpoena to a non-party except if the party claims a personal right or privilege in the information. [Dkt. 77 at 1]. He observed that PSO had not claimed such an exception, but rather sought to avoid the general rule by basing its motion on Fed.R.Civ.P. 26(c)(1). [*Id.*]. He acknowledged that Rule 26(c)(1) permits the court to issue a protective order upon a showing of good cause to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, but stated that PSO "has not articulated how any of these basis for a protective order apply to the subpoena in this case." [*Id.* at 2].

Noting plaintiffs' assertion that prior to the policy change in the Tulsa area, all of the areas in the state had the same policy, he found that communications and information about the other areas may lead to admissible evidence concerning the Tulsa area and "[a]ccordingly, to the extent some showing of relevancy is required, that showing has been made." [Dkt. #77 at 2].

PSO, in its objection, reiterates is previous arguments. Additionally, it asserts the Magistrate Judge failed to find "good cause" existed for production of information relating to areas other than the Tulsa Metro, in violation of Rule 26(b)(1) as amended in 2000. Plaintiffs argue, in response, that the Magistrate Judge was not required to find "good cause" because he

3

determined the documents sought were relevant. Essentially, the parties dispute whether plaintiffs or PSO bore the burden of proving relevance of the documents.

Challenges to third-party subpoenas are governed by Fed. R. Civ. P. 26. *Barton v. Tomacek*, 2012 WL 3730066, *4 (N.D. Okla. Aug. 28, 2012) (citing *Rendon Group, Inc. v. Rigsby*, 268 F.R.D. 124, 126 (D.D.C. 2010) (holding that "Rule 26 . . . defines and governs the scope of discovery for all discovery devices, and, therefore, Rule 45 must be read in light of it.").

Rule 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition and location of any documents or other tangible things. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "The term 'relevant' is intended to be defined broadly in the context of the discovery process because discovery itself is designed to help define and clarify the issues," and "[a] request for discovery is relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Barton*, 2012 WL 3730066, *4 (citations omitted).

Which party bears the burden of proving relevance in the discovery context depends on whether the relevance of the discovery sought is "readily apparent." *Id.* "If the relevance of the request is readily apparent, the burden of proof lies with the party challenging the discovery. Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Id.*

The Magistrate Judge, in explaining his decision, stated:

> Prior to the policy change in the Tulsa area all of the areas in the state had the same policy. Communications and information about the other areas may lead to admissible evidence concerning the Tulsa area. Accordingly, to the extent some showing of relevancy is required, that showing has been made.

[Dkt. #77 at 2]. It is not entirely clear whether the Magistrate Judge believed the relevance of the request was readily apparent, or who bore the burden of demonstrating relevance. Nevertheless, he concluded that, to the extent plaintiffs bore the burden of establishing relevance, they had met the burden. Thus, his omission of the term "good cause" is of no consequence.

The Magistrate Judge's decision is neither clearly erroneous nor contrary to law. Contrary to PSO's position that the "lone issue in this case is whether certain time is compensable," plaintiffs will be required to prove a willful violation in order to extend PSO's liability from two years to three years. At a minimum, the requested documents are potentially relevant to plaintiffs' claim that the alleged FLSA violation was "willful," since they could contain discussions of or challenges to the legality of the new mandatory on-call policy, and why the policy was implemented in the Tulsa Metro area only.

Therefore, PSO's Amended Objection to July 8, 2014 Opinion and Order [Dkt. #81] is overruled.

ENTERED this 12th day of August, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT