# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVE A. PRICE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 13-CV-514-GKF-FHM |
| | ) |
| PUBLIC SERVICE COMPANY | ) |
| OF OKLAHOMA, an Oklahoma | ) |
| corporation, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Before the court are the Motion to Strike Consent to Join Action Filed by Johannsen [Dkt. #76], the Motion to Strike "Consent to Join Action" Forms Filed by Hicks, Slaughter, and Walters [Dkt. #78] and the Motion to Strike "Consent to Join Action" Form Filed by Reynolds [Dkt. #79], all filed by defendant Public Service Company of Oklahoma ("PSO").

Plaintiffs, current and former PSO employees, sued PSO alleging its mandatory on-call program violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. They contend they are entitled to overtime compensation for all time they are on-call, because restrictions placed on them during that time impose a substantial burden on them and interfere with their personal pursuits, rendering the on-call time primarily for the benefit of PSO. Plaintiffs seek damages pursuant to the FLSA, 29 U.S.C. § 216.

On March 6, 2014, the court granted plaintiffs' Motion to Conditionally Certify § 216(b) Class for Notice Purposes and to Authorize and Facilitate Notice of Pending Action to Putative Class Members. [Dkt. #42]. On April 14, 2014, the court entered an order setting out an agreed

procedure for mailing notice and consent forms to putative class members. [Dkt. #46]. In that order, the court adopted the notice and consent forms attached to the parties' April 2, 2014 Report. [*Id.*; Dkt. #45, Ex. 2]. On April 29, 2014, Plaintiffs filed a Notice to the Court of Compliance with April 14, 2014 Order. [Dkt. #51].

Some 80 current or former employees have consented to join the putative class action. [Dkt. #98, Joint Status Report at 1]. Defendants seek to strike consents filed by Benjamin R. Johannsen ("Johannsen") [Dkt. #76]; Mark Hicks ("Hicks"), Jon A. Slaughter ("Slaughter") and John Walters ("Walters") [Dkt. #78]; and Richard Reynolds ("Reynolds"). [Dkt. #79].

## I. Johannsen [Dkt. #76]

Under the FLSA, a person must bring his or her claim within two years of the last alleged wrongful act, or within three years of the last alleged wrongful act if the claim is one "arising out of willful violation," in which case the person has up to three years to bring his or her claim. 29 U.S.C. § 255(a). Johannsen filed a Consent to Join Action form on May 19, 2014. [Dkt. #61-1 at 2]. Accordingly, the parties agree that any claims arising more than three years before May 19, 2014, are time-barred.

PSO records show that the last day Johannsen performed any work for PSO was June 1, 2010. [Dkt. #76, Ex. 1, Timothy C. Bowmar Dec., ¶3]. In their response, plaintiffs attach an affidavit signed by Johannsen stating that PSO placed him on sick leave in June 2010; that he was later placed on disability; and that he did not perform any work, nor was he on call, for PSO during the three years prior to May 19, 2014. [Dkt. #86-1, Johannsen Affid., ¶¶5-7].

Therefore, Johannsen's claim is time-barred.

## II. Hicks, Slaughter and Walters [Dkt. #78]

On April 24, 2014, plaintiffs filed a Notice of Filing Consents to Join Action. [Dkt. #48]. Attached to the notice were three documents titled "CONSENT TO JOIN ACTION," one each signed by Hicks, Slaughter and Walters. [Dkt. #48-1]. The forms are not the court-approved forms. [*See* Dkt. #45, Ex. 2]. Instead, they are identical to the forms executed by named plaintiffs and attached to the August 30, 2013, Amended Complaint. [*See* Dkt. #11-1]. Hicks, Slaughter and Walters were not, however, named as plaintiffs in the Amended Complaint.

Plaintiffs have submitted affidavits of Hicks, Slaughter and Walters—identical in form—in which each avers:

- In August or September 2013, he learned of this lawsuit from co-workers;
- He was told by co-workers that if he wanted to join the lawsuit he should contact James Hodges at Eller & Detrich.
- He contacted Hodges in an effort to join the lawsuit.
- After reviewing the facts and evaluating the pros and cons of joining the lawsuit, he decided he wanted to be included.
- He signed a consent to join the litigation and hand delivered it to Eller & Detrich on September 17, 2013.
- He learned then that an Amended Complaint had already been filed and decided he would wait until the court decided on whether the case would proceed as a collective action.
- He specifically instructed Hodges in September 2013 to file his consent to join the action as soon as the court granted permission for him to join the case.
- On or about April 24, 2014, he received and reviewed the notice explaining the case would proceed as a collective action.
- He signed the consent that was included with the notice and mailed it to Hodges.[1]
- After learning that PSO is seeking to exclude him from the collective action, he still wants to be included in the lawsuit against PSO seeking payment for on call time.

[Dkt. #88, Exs.1-3]. Additionally, plaintiffs have submitted completed certified mail return receipts signed by Hicks, Slaughter and Walters confirming they received the notice and consent forms approved by the court. [*Id.*, Ex. 4].

---

[1] Plaintiffs provide no explanation why the previously-executed consents were substituted for the court-approved consents each individual contends he signed and sent to counsel.

PSO argues the improper consent forms, which were executed before receipt and review of the court-approved Notice, constitute not only a technical violation, but a violation of the spirit of the April 14, 2014 order and the law. [Dkt. #78 at 6].

Under the FLSA, "[n]o employee shall be a party plaintiff to [a class action against an employer] "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). "Congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claim violation or violations of the FLSA by a particular employer." *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003). And "the benefits of an FLSA § 16(b) collective action—including efficient resolution in one proceeding of common issues of law and fact arising from the same alleged practice—depend on employees receiving accurate and timely notice concerning the collective action." *Pivonka v. County Comm'rs*, 2005 WL 1688297, at *5 (D. Kans. July 27, 2005) (citation omitted).

Although they were nonconforming, the consents filed on behalf of Hicks, Slaughter and Walters—together with the affidavits submitted in response to PSO's Motion to Strike—establish all three individuals have knowingly consented to participate in the case. Thus, the requirements of § 216(b) have been satisfied. Further, PSO has presented no evidence it will be prejudiced by joinder of these three defendants.

Therefore, the Motion to Strike the Hicks, Slaughter and Walters consents is denied.

### III. Reynolds

The court's April 14, 2014 order provided that putative class members or their counsel must file their consent to join the collective action no later than 81 days after the date of the order. [Dkt. #46 at 2]. Because the 81st day fell on July 4, 2014, counsel for PSO granted

plaintiffs' counsel until the next business day, July 7, 2014, to file consents. [Dkt. #79, Ex. 1]. Reynolds' consent, however, was not filed until July 8, 2014. [Dkt. #75]. PSO moves to strike the consent as untimely.

As previously stated, the purpose of § 216(b)'s notice and consent requirement is to ensure potential plaintiffs have knowingly consented to participate in the collective action. The Reynolds consent, although filed one day late, demonstrates he has knowingly consented to participate in the case, and PSO has failed to show any prejudice from the late filing. Therefore, PSO's Motion to Strike the Reynolds consent is denied.

### IV. Conclusion

For the reasons set forth above, PSO's Motion to Strike Consent to Join Action by Benjamin R. Johannsen [Dkt. #76] is granted. PSO's Motion to Strike Consent to Join Action by Hicks, Slaughter, and Walter [Dkt. #78] and its Motion to Strike Consent to Join Action by Reynolds [Dkt. #79] are denied.

ENTERED this 7th day of October, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT