IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVE A. PRICE, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 13-CV-514-GKF-FHM |
| PUBLIC SERVICE COMPANY OF OKLAHOMA, an Oklahoma Corporation, | ) ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Plaintiff's *Second Motion to Compel*, [Dkt. 195], is before the court for decision. Defendant has filed a response, [Dkt. 208]. No reply was filed. Plaintiffs seek an order compelling Defendant to provide discovery on four topics:

Rule 1006 Summaries

Plaintiffs prepared and produced to Defendant spread sheets calculating the amount of pay Plaintiffs contend each Plaintiff should have received while on call. The calculations were based on documents produced in the case and Plaintiffs contend the spread sheets are admissible as summaries under Fed.R.Evid. 1006. Plaintiffs seek an order compelling Defendant to admit the summaries are accurate or explain why they are not.

Defendant responds that it should not be required to spend its time checking Plaintiffs' calculations and verifying them before trial. Defendant contends Plaintiffs should be required to establish a foundation for the evidence at trial.

Plaintiffs' request is not a request to discover information they do not have. Instead, it is a request that Defendant check Plaintiffs' calculations before the evidence is presented at trial. There is no indication that establishing a foundation for the evidence at trial will be

burdensome or time consuming. Absent such considerations this aspect of Plaintiffs' motion is DENIED.

## OMS System Trouble Tickets

Plaintiffs seek an order compelling Defendant to use the OMS system to fully respond to Plaintiffs' discovery regarding the number and duration of call outs. The court previously denied Plaintiffs' discovery efforts regarding "trouble tickets," [Dkt. 179]. Plaintiff has not explained why the same ruling should not apply to this request. This aspect of Plaintiffs' motion is DENIED.

## Private Investigator

Plaintiffs served Interrogatory 34 and Request for Production 24 on Defendant to determine if Defendant used a private investigator in the case, and if so, to obtain any recordings that were made by the investigator. Defendant responds that Plaintiffs have been provided with copies of all of the recordings made by the investigator.

It appears that Interrogatory 34 and Request for Production 24 have been fully answered. Plaintiffs have been provided the identity of the investigator and received copies of the recordings. Plaintiffs have not articulated what additional discovery was requested or how additional discovery is proportional to the needs of the case. This aspect of Plaintiffs' motion is DENIED.

## Supplement

Plaintiffs seek an order compelling Defendant to supplement the payroll and ARCOS information down to the current date and again 30 days before trial. Defendant has previously supplied the information for the period March 2012 to December 31, 2014. Plaintiffs provide no argument or analysis why the information that has already been

produced, which spans 2 years and 10 months, is insufficient for Plaintiffs' needs on the issue of liability.[1]  This aspect of Plaintiffs' motion is DENIED.

SO ORDERED this 12th day of April, 2016.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1]  If Plaintiffs establish liability the court will require Defendant to provide supplementation for damages calculations.